1  JODI SIEGNER, Bar No. 102884
   Email: jsiegner@deconsel.com
2  a member of
   DeCARLO & SHANLEY,
3  a Professional Corporation
   533 South Fremont Avenue, Ninth Floor
4  Los Angeles, California 90071-1706
   Telephone: (213) 488-4100
5  Telecopier: (213) 488-4180

6  Attorneys for Plaintiffs, Brent Beasley, Ernest Glasgow, Cliff
   Smith, Greg Banks, Trustees of the Union Roofers Supplemental
7  Annuity Trust, Union Roofers Health & Welfare Fund, Union Roofers
   Vacation Fund, Union Roofers Administrative Fund, Union Roofers
8  Joint Apprenticeship and Training Fund; Pacific Coast Roofers Pension Plan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH, GREG BANKS, TRUSTEES OF THE UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND, UNION ROOFERS JOINT APPRENTICESHIP AND TRAINING FUND; PACIFIC COAST ROOFERS PENSION PLAN;<br><br>Plaintiffs,<br><br>v.<br><br>ALCALA COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS;<br><br>2. SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT<br><br>(ERISA Sec. 515, 502(A)(G), 29 U.S.C. Sec. 1145, 1132(A)(C)(2)) |

///

///

///

## JURISDICTION

1. This is a civil action to recover fringe benefit contributions, liquidated damages, attorneys fees and costs and also for specific performance to conduct an audit. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and 1145.

## PARTIES AND OTHERS

2. Plaintiffs BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH and GREG BANKS are the Trustees of the UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND and the UNION ROOFERS APPRENTICESHIP AND TRAINING FUND.

3. The above-referenced Trust Funds are self administered by their Board of Trustees and have their offices in the County of Los Angeles, City of Downey. Venue is proper in this Court under Section 502(e)(2) of ERISA, (29 U.S.C. Section 1132(E)(2)).

4. PACIFIC COAST ROOFERS PENSION PLAN was and is a Regional defined benefit pension plan associated with the United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36. The Trust Funds referenced in Paragraph 2 above and PACIFIC COAST ROOFERS PENSION PLAN are collectively referred to as "TRUST FUNDS".

5. The TRUST FUNDS were created and now exist pursuant to Section 302(c) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. Section 186(c). The TRUST FUNDS are multi-employer plans as denied in ERISA Section 3(37)(A) and as used in ERISA section 515 and 502(g)(2), as amended, 29 U.S.C. Section 1145, 1132(g)(2).

///

6. At all relevant times, ALCALA COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive, (collectively referred to as "EMPLOYER") was and is a California corporation engaged in the roofers, waterproofers and allied industry in Southern California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to TRUST FUNDS, who therefore sue the defendants by such fictitious names, and TRUST FUNDS will amend this complaint to show their true names and capacities when the same have been ascertained.

8. The United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36 ("UNION") is a labor organization that is a party to the collective bargaining agreement(s) involved.

## FIRST CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)

9. On October 22, 2012, EMPLOYER executed a written Affirmation Agreement with the UNION, ("AFFIRMATION AGREEMENT"). A true and correct copy of the AFFIRMATION AGREEMENT is attached as Exhibit "1".

10. The AFFIRMATION AGREEMENT binds EMPLOYER to the Collective Bargaining Agreement and any amendments of the Collective Bargaining Agreement (collectively referred to as "AGREEMENTS").

11. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions to TRUST FUNDS in accordance with Article 11 of the Collective Bargaining Agreement based on hours worked or paid to persons performing roofing work for EMPLOYER. Said contributions were agreed to be due and payable on the 15th day of the calendar month following the month during which the hours for which contributions are due were worked or paid.

///

3

12. Under the terms of the AGREEMENTS, the Union Roofers Administrative Fund was assigned to collect and remit a portion of the fringe benefit contributions as a sub-agent of the PACIFIC COAST ROOFERS PENSION PLAN to the Union Roofers Contractors Association, to the Southern California Union Roofers Labor Management Trust and to Local Unions 36 and 220 for "dues check-off" contributions. TRUST FUNDS are authorized to sue for sums due to these other collectively bargained entities as part of fringe benefits due.

13. The AGREEMENTS provide that prompt payment by employers of the fringe benefit contributions is essential to the operation of the TRUST FUNDS and that it would be nearly impossible to fix the actual damages to the TRUST FUNDS which would result by failure of EMPLOYER to make contributions on or before the 15th day of the month following the month of employment. While contributions are due on the 10th day, there is a 5 day grace period. The AGREEMENTS therefore provide that damages should be presumed to be ten percent (10%) of the delinquent contributions, but in no event less than $10.00, which would become due and payable from EMPLOYER to the TRUST FUNDS as liquidated damages upon the date following the delinquency date.

14. EMPLOYER engaged workers who performed services covered by the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

15. EMPLOYER has failed to pay the fringe benefit contributions required by the AGREEMENTS, and there is now due and owing TRUST FUNDS from EMPLOYER for unpaid contributions, the sum of $34,074.43.

16. Demand was made upon EMPLOYER to make payments for the period April 2015 through September 2015. EMPLOYER has not responded to the demand.

///

///

1  17. As a result of the failure to pay fringe benefit contributions, EMPLOYER is liable for liquidated damages provided for under the AGREEMENTS in the sum of $3,407.45.

18. It has been necessary for TRUST FUNDS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

19. TRUST FUNDS have complied with all conditions precedent.

20. EMPLOYER is delinquent in contributions in a further sum, the exact amount of which is unknown to TRUST FUNDS, and TRUST FUNDS will move to amend this complaint when the true amount of the fringe benefit contribution delinquency is determined.

21. TRUST FUNDS have, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

## SECOND CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT)

22. TRUST FUNDS and PACIFIC COAST ROOFERS PENSION PLAN reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 21 of its First Claim for Relief. This Second Claim for Relief is asserted as to EMPLOYER, and DOES 1 through 10.

23. The AGREEMENTS provide that the PLANS have the specific authority to examine the EMPLOYER's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S.

Government, quarterly state tax returns, health and welfare and pension reports for all other trades, cash receipts' journal, copies of all contracts and all material invoices.

24. The TRUST FUNDS have requested access to EMPLOYER's business records for the purpose of conducting an audit.

25. EMPLOYER has failed and/or refuses to allow the TRUST FUNDS to complete such an audit.

26. The TRUST FUNDS have no adequate or speedy remedy at law.

27. It has been necessary for TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS, and to recover the attorneys' fees and the costs for which EMPLOYER is liable pursuant to Section 502(g)(1) of ERISA and pursuant to the AGREEMENTS.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR THE TRUST FUNDS' FIRST CLAIM FOR RELIEF:**

1. For unpaid contributions in the sum of $34,074.43;

2. For liquidated damages as provided in the AGREEMENTS in the amount of $3,407.45.

3. For interest, as provided in the AGREEMENTS, on the unpaid contributions and liquidated damages from the first of the month following the date due to the present;

**FOR THE TRUST FUNDS' SECOND CLAIM FOR RELIEF:**

1. That EMPLOYER be compelled to forthwith submit to completion of an audit of EMPLOYER business records covering the period from June 2015 through the present, by the TRUST FUNDS' auditors at the premises of EMPLOYER during business hours, at a reasonable time or times, and to allow the auditors to examine and copy the following books, records, papers, documents and reports of EMPLOYER: all job cost records, general check register and check

stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension report for all other trades, cash receipts' journal, copies of all contracts, and all material invoices;

**FOR ALL CLAIMS FOR RELIEF:**

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: October 27, 2015

DeCARLO & SHANLEY,
a Professional Corporation

By: /s/ Jodi Siegner
JODI SIEGNER
Attorneys for Plaintiffs,
BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH, GREG BANKS, TRUSTEES OF THE UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND, UNION ROOFERS JOINT APPRENTICESHIP AND TRAINING FUND; PACIFIC COAST ROOFERS PENSION PLAN